**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALICIA S. ROBINSON, | § | |
|               Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-0825-B-BK |
| | § | |
| ARAMARK, et al., | § | |
|               Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the complaint be dismissed and that Plaintiff be warned that sanctions may be imposed if she persists in filing frivolous lawsuits.

### I. BACKGROUND

In March 2012, Plaintiff filed a *pro se* complaint against Defendants Aramark and Parkland Medical Records. (Doc. 3 at 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the complaint and answers to the Magistrate Judge's questionnaire.

A.   **Plaintiff's Pleadings**

As best as the Court can decipher the complaint and answers to the questionnaire, Plaintiff appears to raise an employment discrimination claim. (Doc. 3 at 1.) Her complaint reads in full:

> I asked Aramark for my vacation time they stole from me from Philly, Chi-town and Fresno Calf.  IRS female unknown (shay - oct-avia) - random women in (set the or from) Hood-girls project chicks and they played games in the

>   baylor N.H.S. - cooks – trayline in the basement I lost my job behide some female unknown H.R. fire me mistaken I.D. Blood type.

*Id.*

When asked to state specific facts that give rise to a claim for relief against the Defendants, Plaintiff provided a largely incoherent explanation that included allegations of discrimination race, sex, and disability SSID. (Doc. 10, ans. 1.) She also alleged "assault, libel & slander contract medicare act stockholders suits social security SSID Title XVI IRD - Third Party Labor." *Id.* When asked to explain why the federal court has jurisdiction to hear her case, Plaintiff again stated without logical or meaningful connection:

>   The nature of my suit is base[d] on oil, land, and wells that some commonwealth people took from me since 1990 and 1992 Location Tacoma General Hospital in Portland, Oregon, Dallas Texas vs. my All American Father Mr. Paul Lawrence Dunbar Fort Worth, Texas, was my Air Force father Charlie Teenth Robinson.

(Doc. 10, ans. 5.)

In response to the Court's inquiry about the relief sought, Plaintiff responded:

>   I have no amount of monetary damages because the prank phone calls sex, lies, and video tapes came from employees the Baylor hired 23 years before I got hired one female names Shay Oct. Tata gas aunt Lisa Reed Islam some girls named unknown have been have sex at work bankers broke me from Chase bank unknown gay nana and sweat pea Nick names Felia Leffalls and Metro Gay Clubs downtown.

(Doc. 10, ans. 3.) Plaintiff conceded, however, that the United States Equal Employment Opportunity Commission ("EEOC") did not issue a right to sue letter. (Doc. 10, ans. 10.)

**B.     Plaintiff's Filing History**

This is the fourth employment discrimination action that Plaintiff files in this Court since January 2011. The District Court dismissed Plaintiff's 2011 cases as frivolous. *See Robinson v.*

*Aramark*, No. 3:11-CV-036-B (N.D. Tex. Apr. 13, 2011) (employment discrimination action dismissed as time barred), *appeal dismissed as untimely*, No. 11-10924 (5th Cir. Nov. 9, 2011); *Robinson v. Aramark Staff CEO, et al.*, No. 3:11-CV-3350-B, 2012 WL 786228 (N.D. Tex. Feb. 1, 2012), *recommendation accepted*, 2012 WL 812381 (Mar. 12, 2012) (employment discrimination claims dismissed with prejudice as frivolous). In addition, Magistrate Judge Kaplan recently recommended that one of Plaintiff's 2012 cases be dismissed as factually frivolous. *See Robinson v. Meeks*, 3:12-CV-0824-M (N.D. Tex. May 7, 2012) (recommendation pending review by District Judge).

## II. ANALYSIS

**A.   Initial Review**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Plaintiff's claims, even when liberally construed with all possible deference due a *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), should be dismissed as frivolous.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, her complaint and answers to the Court's questionnaire are a "'hodgepodge of incoherent ramblings' that have no discernable basis in fact or law." *See Crenshaw v. Transicare, Inc.,* No. 3-10-CV-1861-0-BD, 2010 WL 5387619 at *2 (N.D. Tex. Dec. 6, 2010), *rec. adopted,* 2010 WL 5209305 (N.D. Tex. Dec. 17, 2010) (*quoting Malveaux* v. *Brice, Linden, Vander* & *Wernick, P.C.,* No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010)). Here, "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986). In addition, Plaintiff's allegations describe fantastic or delusional scenarios that are clearly irrational and incredible. Thus, Plaintiff's complaint should be dismissed with prejudice as frivolous.

**B.     Sanction Warning**

In light of Plaintiff's filing history, Plaintiff should be warned that if she persists in filing frivolous lawsuits, the Court may impose monetary sanctions and/or bar her from bringing any further action of any kind *in forma pauperis* and/or without prior court approval. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, <u>are not entitled to sue and appeal, period</u>." *Free v. United States*, 879 F.2d 1535,

1536 (7th Cir. 1989) (emphasis added).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that Plaintiff be warned that sanctions may be imposed if she persists in filing frivolous lawsuits.

SIGNED May 23, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE